[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12230
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00299-ODE-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE GILSTRAP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 29, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shane Gilstrap appeals his sentence of 16 months of imprisonment, imposed following the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Gilstrap argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Gilstrap's sentence is procedurally and substantively reasonable. Gilstrap argues that the district court impermissibly based its sentence on the seriousness of his original offense, but the district court explained that Gilstrap's "supervision ha[d] not gone well." The district court imposed a sentence to deter Gilstrap from committing future similar crimes and punish him for committing the additional offenses of theft by taking, driving with a suspended or revoked registration, and theft by receiving. The district court also explained that it had been more lenient when Gilstrap tested positive for methamphetamine and left the district without permission. And the district court correctly determined that Gilstrap's offense of theft by taking, for which he faced a sentence of more than one year of imprisonment, *see* Ga. Code § 16-8-12(a)(1)(A–D), is a Grade B violation, U.S.S.G. § 7B1.1(a)(2). Although Gilstrap mentioned that the state court might reduce his charge to a misdemeanor, it had not done so before the district court

2

sentenced Gilstrap. The district court reasonably determined that a sentence in the middle of Gilstrap's advisory guideline range of 12 to 18 months of imprisonment, *see id.* § 7B1.4(a)(1), and that was well below his maximum statutory penalty of 24 months, was necessary to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a).  The district court did not abuse its discretion by placing more emphasis on Gilstrap's history and characteristics than his rehabilitation efforts and his gainful employment.

We **AFFIRM** Gilstrap's sentence.

3